996 F.2d 1216
 144 L.R.R.M. (BNA) 2936
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Alan ZAWILINSKI, A Sole Proprietor d/b/a Michigan Sprinkler
Company, Respondent.
 No. 93-5653.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Alan Zawilinski, a sole proprietor d/b/a Michigan Sprinkler Company, Bay City, Michigan, its officers, agents, successors, and assigns, enforcing its order dated September 30, 1992, in Case Nos. 7-CA-33022, 7-CA-33057, and 7-CA-33296, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Alan Zawilinski, a sole proprietor d/b/a Michigan Sprinkler Company, Bay City, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Failing and refusing to bargain in good faith with Road Sprinkler Fitters Local Union No. 669, U.A., ALF-CIO, which is the exclusive collective-bargaining representative of the Respondent's employees in an appropriate unit, by approaching negotiations without any intent of engaging in meaningful bargaining, insisting on a contract clause that would make any agreement nonbinding on the parties, and failing and refusing to proffer any contract proposals to the Union. The appropriate bargaining unit consists of:
 
 
 5
 All full-time and regular part-time pipefitters, sprinkler fitters, plumbers, apprentices, helpers and laborers employed by Respondent at and out of its Bay City, Michigan facility; but excluding all office clerical employees, designers, janitorial employees, estimators, professional employees, guards and supervisors as defined in the National Labor Relations Act, and all other employees.
 
 
 6
 (b) Instituting a mandatory overtime policy without first notifying or affording the Union an opportunity to bargain over such policy, and failing and refusing to provide the Union with information that is necessary and relevant to the Union's performance of its duties as exclusive collective-bargaining representative of the unit employees.
 
 
 7
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) On request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees with respect to their wages, hours, and other terms and conditions of employment.
 
 
 10
 (b) Provide the Union with the requested information that is necessary for and relevant to the Union's performance of its role as the exclusive bargaining representative of the unit employees, and rescind the mandatory overtime policy implemented in March 1992.
 
 
 11
 (c) Post at its facility in Bay City, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (d) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 15
 WE WILL NOT fail and refuse to bargain in good faith with Road Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO, which is the exclusive bargaining representative of our employees in an appropriate unit, by approaching negotiations without any intent of engaging in meaningful bargaining, insisting on a contract clause that would make any agreement nonbinding on the parties, and by failing and refusing to proffer any contract proposals to the Union. The appropriate bargaining unit consists of:
 
 
 16
 All full-time and regular part-time pipefitters, sprinkler fitters, plumbers, apprentices, helpers and laborers employed by Alan Zawilinski, a sole proprietor d/b/a Michigan Sprinkler Company at and out of its Bay City, Michigan facility; but excluding all office clerical employees, designers, janitorial employees, estimators, professional employees, guards and supervisors as defined in the National Labor Relations Act, and all other employees.
 
 
 17
 WE WILL NOT implement a mandatory overtime policy without first notifying the Union or providing it an opportunity to bargain over such policy, and WE WILL NOT fail and refuse to provide the Union with information that is necessary for and relevant to the performance of its role as exclusive bargaining representative of the unit employees.
 
 
 18
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 19
 WE WILL, on request, bargain in good faith with the Union with respect to the unit employees' wages, hours, and other terms and conditions of employment.
 
 
 20
 WE WILL rescind the mandatory overtime policy implemented in March 1992, and WE WILL provide the Union with the requested information.
 
 
 21
 ALAN ZAWILINSKI, A SOLE PROPRIETOR d/b/a MICHIGAN SPRINKLER COMPANY
 
 
 22
 (Employer)
 
 
 23
 Dated __________ By ______________________________
 
 
 24
 (Representative) (Title)
 
 
 25
 This is an official notice and must not be defaced by anyone.
 
 
 26
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.